PEOPLE v WILCOX

Docket Nos. 31307, 31308. Submitted January 5, 1978, at Lansing.—
Decided June 5, 1978.

> Roger T. Wilcox was convicted in district court of failure, as a
> second-hand merchandise dealer, to record the purchase of a
> tape deck in a ledger book open to inspection and to take and.
> forward the seller's thumb print with a statement of the nature
> of the property received to the city and state police. Wilcox
> appealed to circuit court. The Ingham Circuit Court, Thomas L.
> Brown, J., reversed, finding that the punishment provision of
> the statute under which defendant was convicted constituted
> cruel and unusual punishment. Both the people and the defend-
> ant appeal by leave granted. The people challenge the circuit
> court's finding of unconstitutionality, and the defendant con-
> tends, among other things, that he should not be held crimi-
> nally responsible for the acts or omissions of an employee
> which occurred without his knowledge, consent or direction.
> *Held:*

The statute which regulates second-hand and junk dealers does
not provide that such a dealer may be held criminally liable for
an employee's violation of the statute, and since criminal
liability does not arise vicariously except where provided by the
Legislature, the defendant's convictions may not stand. The
Court declines to reach the question of the constitutionality of
the punishment provision.

The district court conviction is reversed.

1. STATUTES—PAWNBROKERS—SECOND-HAND DEALERS—CRIMINAL LAW
—LIABILITY FOR EMPLOYEES' VIOLATIONS—LEGISLATIVE INTENT.

> The Legislature has provided that pawnbrokers are liable for
> their employees' violations of the law regulating pawnbrokers
> but has not so provided in an act regulating second-hand and
> junk dealers; this distinction is strong evidence that the Legis-
> lature did not intend second-hand dealers to be responsible for
> their employees' violations (MCL 445.408, 446.219; MSA 19.718,
> 19.599).

REFERENCES FOR POINTS IN HEADNOTES

[1, 4] 21 Am Jur 2d, Criminal Law §§ 133, 134, 138.
   53 Am Jur 2d, Master and Servant §§ 426–428.
[2] 21 Am Jur 2d, Criminal Law § 131.
[3] 73 Am Jur 2d, Statutes §§ 187, 188.

2. CRIMINAL LAW—CRIMINAL LIABILITY—VICARIOUS LIABILITY.

Criminal liability does not arise vicariously unless the Legislature
so provides.

3. STATUTES—IN PARI MATERIA—PAWNBROKERS—SECOND-HAND DEAL-
ERS—LEGISLATIVE INTENT.

The doctrine of *in pari materia* is applicable to two acts, one
regulating pawnbrokers and the other regulating second-hand
dealers, where both were enacted in the same session of the
Legislature; the two acts must be construed together to arrive
at a definition of the legislative intent (MCL 445.401 *et seq.,*
446.201 *et seq.; MSA* 19.711 *et seq.,* 19.581 *et seq.*).

4. CRIMINAL LAW—EMPLOYERS AND EMPLOYEES—VICARIOUS LIABILITY
—STATUTES.

A defendant co-partner in a second-hand store may not be held
criminally liable for an employee's violation of a statute which
regulates second-hand and junk dealers where the violation
occurred without the knowledge, consent or direction of the
defendant (MCL 445.401 *et seq.; MSA* 19.711 *et seq.*).

*Frank J. Kelley,* Attorney General, *Robert A.
Derengoski,* Solicitor General, *Peter D. Houk,*
Prosecuting Attorney, and *Lee Wm. Atkinson,*
Chief Appellate Attorney, for the people.

*Farhat, Burns & Story, P. C.* (by *Vittorio E.
Porco),* for defendant on appeal.

Before: V. J. BRENNAN, P. J., and D. E. HOL-
BROOK and R. B. MARTIN,* JJ.

V. J. BRENNAN, P. J. Both plaintiff and defend-
ant Roger T. Wilcox appeal the reversal by Ing-
ham County Circuit Judge Thomas L. Brown of
defendant's 54-A District Court conviction for fail-
ure as a second-hand merchandise dealer to record
the purchase of a tape deck in a ledger book open
to inspection, contrary to MCL 445.404; MSA
19.714, and for failure to take and forward the
seller's thumb print with a statement of the na-

---

* Circuit judge, sitting on the Court of Appeals by assignment.

ture of the property received to the city and state police, contrary to MCL 445.472; MSA 19.740(2). Plaintiff challenges the finding below by Judge Brown that the penalty provision of MCL 445.408; MSA 19.718 is constitutionally unsound cruel and unusual punishment. Defendant raises several statutory allegations of error. However, discussion of defendant's principal claim of error will make unnecessary consideration of the parties' remaining claims.

The facts of this case are simply stated. Defendant and his brother Dale H. Wilcox are partners in Wilcox Second Hand Store in Lansing, Michigan. On January 22, 1975, Curtis Cousineau went to defendant's store to purchase an automobile tape deck to replace one stolen from his car earlier that day. On a counter in the store, Cousineau saw the tape deck which had been stolen from his car. He then reported the theft and his observations at defendant's store to the Michigan State University Police Department.

Later that same day, Detective Sergeant Dunlap of the Michigan State University Police Department and Detective Behrmann of the Lansing Police Department arrived at defendant's store and located the tape deck. The detectives asked two of defendant's employees to show them the pawn ticket and ledger entry on the item, but the employees were unable to do so. Detective Dunlap confiscated the tape deck.

Subsequently, defendant and his brother were each charged in a two-count complaint for violating provisions of MCL 445.404; MSA 19.714 and MCL 445.472; MSA 19.740(2). On October 14, 1975, defendants were tried by jury in 54-A District Court, Ingham County, Michigan. Defendant's brother was acquitted; defendant was found guilty on both counts.

Although sentence was deferred, MCL 445.408; MSA 19.718 mandates a one-year suspension of defendant's license to operate a second-hand store for failure to record the purchase of the tape deck in a ledger and permits a fine of from $10 to $100 and/or six months imprisonment. For failure to take and forward the seller's thumbprint, MCL 445.475; MSA 19.740(5), and MCL 750.504; MSA 28.772, provide for a fine of up to $100 and imprisonment for up to 90 days.

Defendant appealed to Ingham County Circuit Court on October 28, 1975. Judge Brown concluded that defendant could be held criminally liable for the acts of his employees. However, he ruled that the one-year suspension of defendant's license constituted cruel and unusual punishment, and so ordered the reversal of defendant's conviction.

Defendant's principal claim is that the second hand and junk dealers act, specifically MCL 445.401 *et seq.;* MSA 19.711 *et seq.,* will not support finding defendant copartner in a second-hand store criminally responsible for the acts or omissions of an employee which occurred without his knowledge, consent or direction.

In answer to defendant, plaintiff advances a number of theories justifying defendant's vicarious liability. To begin, plaintiff maintains that the statute does not require scienter or intent, but rather imposes strict liability for violations. With this proposition we agree. Plaintiff also argues that a partner is responsible for violations by a copartner. Again we agree. However, we cannot accept plaintiff's interpretation that this case represents an exception to the usual rule which prevents one person from being held criminally liable for the acts of another. Plaintiff argues that because defendant and his partner can be held re-

sponsible under the statute for violations of a copartner, then he should also be held for violations of an employee. Again we take exception. Finally, plaintiff contends that defendant should be liable because he was in the best position to prevent the statutory violations and that, unless defendant is held liable, second-hand dealers will be able to escape liability by simply pleading ignorance of their employees' default. We do not find this claim credible.

However, looking more deeply into this problem, we find that three related pieces of legislation are involved. 1917 PA 273 regulates pawnbrokers, namely, persons who purchase articles from the public with an understanding that the article may be repurchased by the seller at an agreed price. MCL 446.201 *et seq.;* MSA 19.581 *et seq.* The second act involved in the case is 1917 PA 350 which regulates second-hand and junk dealers. MCL 445.401 *et seq.;* MSA 19.711 *et seq.* The third act, 1945 PA 231, provides additional regulations for pawnbrokers, second-hand dealers and junk dealers. MCL 445.471 *et seq.;* MSA 19.740(1) *et seq.*

Section 19 of the pawnbrokers act specifically provides that a pawnbroker is liable for the statutory defaults of his employees. Liability includes mandatory loss of license for one year. This section provides:

"Upon any such conviction of any person doing business as a pawnbroker under the provisions of this act, *or on conviction of any clerk, agent, servant or employe of any such person,* the license of such person shall forthwith be revoked by the mayor of the city or president of the village, and no part of the license fee of such party shall be returned to him, and no further license as a pawnbroker shall be granted to such person for the period of 1 year from the date of such revocation." MCL 446.219; MSA 19.599. (Emphasis added.)

By contrast, § 8 of the second hand and junk dealers act under which defendant was convicted has no such comparable provision making a second-hand dealer liable for his employees' defaults. Section 8 provides:

"Every person violating any of the provisions of this act shall be punished by a fine not exceeding 100 dollars, nor less than 10 dollars, or by imprisonment in the county jail not exceeding 6 months, or by both such imprisonment and fine. In case any person, corporation, copartnership or firm shall be found guilty of violating any of the provisions of this act, the license issued to such person, corporation, copartnership or firm shall be deemed to have been revoked ipso facto, and such person, corporation, copartnership or firm shall not be permitted to carry on such business within this state for a period of 1 year after such conviction." MCL 445.408; MSA 19.718.

The significance of the difference in the two statutes is that in the case of pawnbrokers the Legislature declared that they would be liable for their employees' wrongful acts, but did not so provide in the case of second-hand dealers. This distinction in treatment is strong evidence that the Legislature did not intend second-hand dealers to be responsible for their employees' failure to follow the statutory requirements. Criminal liability does not arise vicariously unless the Legislature so provides:

"Unless he is *[sic]* in some way participates in, counsels, or approves of what the servant does, or, as it is sometimes put, unless he counsels, commands, aids, or abets, or procures the commission of, an act, an employer or principal is not, in the absence of a statute, criminally liable for the acts of his employee or agent. * * *

"*A statute may in certain instances fix criminal*

*responsibility on an employer or principal for an act committed by his employee or agent."* 21 Am Jur 2d, Criminal Law, § 133, pp 203, 204. (Emphasis added.)

We also find significant the fact that the two acts regulating pawnbrokers and second-hand dealers were enacted at the same session of the Legislature. Consequently, the doctrine of *in pari materia* is applicable. The two acts must be construed together to arrive at a definition of the legislative intent. See 21 MLP, Statutes, § 99. Under that doctrine, we find that in 1917 the Legislature was aware of the technique of making an employer liable for the defaults of his employees and agents. They purposely made pawnbrokers vicariously liable, but did not do so in the case of second-hand and junk dealers. Accordingly, defendant was correct in his assertion that he cannot be criminally liable for the default of his employee.

Though the statute intends to impose strict liability, the statute will not permit imposing criminal liability upon a defendant vicariously for the acts or omissions of his employees or agents. See *People v DeClerk,* 400 Mich 10, 20, fn 4; 252 NW2d 782 (1977). Consequently, we affirm the reversal of defendant's convictions under both MCL 445.404; MSA 19.714 and MCL 445.472; MSA 19.740(2). However, we reverse on the basis specified in this opinion, which conflicts with the finding of Judge Brown that defendant could be held criminally liable for the acts of his employees. Because we so hold, we need make no representation at this time as to the constitutionality of the sentencing provision requiring suspension of defendant's license. MCL 445.408; MSA 19.718.

Defendant's conviction in district court is reversed.