PEOPLE v KING TUT

Docket No. 83392. Submitted February 13, 1986, at Detroit. Decided June 2, 1986.

King Tut, Vernon Jocque and Marc Levise were charged with two counts of violating the Precious Metal and Gem Dealer Act. King Tut is the assumed business name of Marc Levise, who was licensed to deal in precious metal and gems. The evidence at the preliminary hearing showed that the crimes were committed by Vernon Jocque, an employee of King Tut, while Marc Levise was on vacation. The examining magistrate dismissed the charge against Levise, but bound King Tut and Jocque over for trial. King Tut moved to quash the information, and the Recorder's Court of Detroit, Donald L. Hobson, J., granted the motion. The people appealed. *Held:*

1. A dealer has no vicarious criminal liability for violation of the Precious Metal and Gem Dealer Act.

2. King Tut is not the dealer within the meaning of the act, Marc Levise is. King Tut is an alias, not a separate legal entity.

Affirmed.

CRIMINAL LAW — VICARIOUS LIABILITY — PRECIOUS METAL AND GEM DEALER ACT.

A dealer has no vicarious criminal liability for violation of the Precious Metal and Gem Dealer Act.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *John D. O'Hair,* Prosecuting Attorney, *Timothy A. Baughman,* Deputy Chief, Civil and Appeals, and *Don W. Atkins,* Assistant Prosecuting Attorney, for the people.

REFERENCES

Am Jur 2d, Criminal Law §§ 181, 182.

What constitutes professional services within meaning of statute preserving individual liability of professional employees of professional corporation, association, or partnership. 31 ALR4th 898.

See also the annotations in the ALR3d/4th Quick Index under Master and Servant; Vicarious Liability.

*Fiegler & Fiegler, P.C.* (by *Geoffrey N. Fiegler*), for defendant.

Before: M. J. KELLY, P.J., and D. F. WALSH and WAHLS, JJ.

M. J. KELLY, P.J. In this case, the prosecution appeals from an order quashing an information which charged defendant, King Tut, with violation of the Precious Metal and Gem Dealer Act, MCL 445.481 *et seq.;* MSA 19.720(1) *et seq.* We affirm.

King Tut is the assumed business name of Marc Levise, licensed to deal in precious metals under MCL 445.483; MSA 19.720(3). A two-count information was filed on January 4, 1985, charging Marc Levise, Vernon Jocque and King Tut with (1) failing to retain gold jewelry and gems for a period of seven days after their purchase, contrary to MCL 445.485; MSA 19.720(5), and (2) knowingly receiving these items without recording their purchase, contrary to MCL 445.484; MSA 19.720(4). Vernon Jocque is an employee of King Tut.

Harold Christy, complainant, testified at the preliminary examination that his home in Birmingham, Michigan, was burglarized on August 7, 1984, resulting in the theft of gold jewelry valued at several thousand dollars. Some of the pieces had been designed by complainant and were readily identifiable. On August 9, 1984, Christy went to Shores Gold on Harper Avenue in Detroit and identified some of the items which had been taken from his home.

An employee of Shores Gold testified that he is a buyer of gold and silver for that business and purchased the items identified by Christy from Vernon Jocque at King Tut on August 7, 1984. Ivan Simokovich testified that he went to King Tut on August 7, 1984, to sell merchandise stolen at a

Birmingham residence. He dealt directly with Vernon Jocque and received a price of $300 unaccompanied by a receipt. Simokovich did not recall seeing Marc Levise on the premises at that time. Other evidence was introduced establishing that King Tut's ledgers contained no entry for the purchase of August 7, 1984, and that Marc Levise was vacationing in Caseville, Michigan, from August 4, 1984, until August 8 or 9, 1984.

The magistrate bound defendants Jocque and King Tut over to Detroit Recorder's Court on the information filed but dismissed the information against Marc Levise. Defendant King Tut subsequently moved in Recorder's Court to quash the information on the ground that King Tut was merely an assumed name for Marc Levise and that the Precious Metal and Gem Dealer Act did not provide for a dealer's vicarious criminal liability. An order to quash was entered January 10, 1985.

One issue presented in this case is whether a business operating under an assumed name pursuant to MCL 445.1; MSA 19.821 is vicariously liable for the acts of its employees in violating the Precious Metal and Gem Dealer Act. The general rule is that vicarious criminal liability will not arise unless specifically provided for by the Legislature. *People v Wilcox,* 83 Mich App 654, 659-660; 269 NW2d 256 (1978). Vicarious liability eliminates the necessity of proving defendant's actus reus as an element of the offense. See *People v DeClerk,* 400 Mich 12, 20, n 4; 252 NW2d 782 (1977).

We are persuaded that the resolution of this issue is governed by *People v Wilcox, supra,* in which a similar issue was presented in the context of the second hand and junk dealers act, MCL 445.401 *et seq.;* MSA 19.711 *et seq.* In that case, a panel of this Court found that the second hand and junk dealers act should be read in pari mate-

ria with the pawnbroker's act, MCL 446.201 *et seq.;* MSA 19.581 *et seq.,* which specifically provides that pawnbrokers are liable for the wrongful acts of their employees with regard to the sanction of license revocation. Since the second hand and junk dealers act did not include a similar provision, this Court concluded that the Legislature did not intend to impose vicarious liability on second hand or junk dealers for the actions of their employees.

While the second hand and junk dealers act and the pawnbrokers act were enacted in the same 1917 legislative session, whereas the Precious Metal and Gem Dealer Act was enacted by 1981 PA 95, effective September 11, 1981, all three acts regulate a similar activity and are part of the same extensive state regulatory scheme governing trades and businesses. See *Co Rd Ass'n of Michigan v Bd of State Canvassers,* 407 Mich 101, 119; 282 NW2d 774 (1979). We conclude that the Precious Metal and Gem Dealer Act should be read in pari materia with the 1917 acts and hold that, if the Legislature had intended to impose vicarious liability upon dealers of precious metals and gems for the actions of their employees, the Legislature would have stated this intent in the act. We further note that *People v Wilcox* was decided in 1978, three years prior to the enactment of the Precious Metal and Gem Dealer Act, and we must presume that the Legislature was aware of this Court's ruling on the vicarious liability issue. Given the absence of any provision creating vicarious liability in dealers of precious metals and gems, we hold that defendant King Tut may not be held liable for the acts of employee Vernon Jocque.

The prosecution alternatively argues in its sup-

plemental brief on appeal that King Tut is directly liable as a dealer for dealer violations of the law. However, dealer is defined within the act as "any person, corporation, partnership, or association" engaged in the business of buying or receiving precious items from the public. MCL 445.482(b); MSA 19.720(2)(b). Since in this case the dealer is a person, Marc Levise, and not a corporation, partnership or association, it must be concluded that King Tut and Marc Levise are one and the same defendant. The prosecution does not deny this common identity nor does the prosecution challenge the magistrate's dismissal of the information against Marc Levise. Marc Levise is the dealer and is the appropriate defendant in any criminal prosecution for dealer violation of the Precious Metal and Gem Dealer Act. King Tut is an alias and not a separate legal entity.[1] When Marc Levise was dismissed from this case by the magistrate who refused to bind him over, that dismissal extended to his alias.

Affirmed.

[1] Contrary to the status of a corporation. See *People v American Medical Centers of Michigan, Ltd,* 118 Mich App 135; 324 NW2d 782 (1982), lv den 417 Mich 985 (1983), cert den sub nom *Fuentes v Michigan,* 464 US 1009 (1983).